David M. Poore, SBN 192541
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
Telephone:   (707) 763-7100
Facsimile:   (707) 763-7180
dpoore@kahnbrownlaw.com

Attorneys for Plaintiff
PATRICIA GEIB

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GEIB, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF** |
| v. | |
| COUNTY OF MARIN; MARIN COUNTY SHERIFF'S DEPARTMENT; KEN CANZIANI, and DOES 1 through 50, inclusive, | VIOLATIONS OF GOVERNMENT CODE SECTION 12940, *ET. SEQ.*; VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 2000e, *ET SEQ.*; FAILURE TO PREVENT AND INVESTIGATE HARASSMENT; VIOLATIONS OF THE CALIFORNIA CONSTITUTION.; VIOLATIONS OF 42 U.S.C. §§ 1983, 1985, *ET SEQ.* |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff PATRICIA GEIB complains and alleges as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff PATRICIA GEIB ("Geib" or "plaintiff") is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff Geib is, and at all relevant times hereto, has been an employee of defendant within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

-1-
GEIB V. COUNTY OF MARIN, ET. AL.

2.  Defendant COUNTY OF MARIN, including its departments, units, and/or political subdivisions, are and at all relevant times hereto, was an employer operating as public entity within the State of California, County of Marin, who regularly employed more than 15 persons.

3.  Defendant COUNTY OF MARIN is a county municipality located within the State of California and doing business as a government entity under color of state authority and law.

4.  Defendant MARIN COUNTY SHERIFF'S DEPARTMENT ("MCSD"), including its departments, units, and/or political subdivisions, are and at all relevant times hereto, was a joint employer operating as public entity within the State of California, County of Marin, who regularly employed more than 15 persons.

5.  Defendant MCSD is a county municipality located within the State of California and doing business as a government entity under color of state authority and law.

6.  Defendants COUNTY OF MARIN and MCSD are jointly referred to as "Marin County" in this complaint.

7.  Defendant KEN CANZIANI ("Canziani") is an individual whose residence is located in the State of California. Defendant Canziani is a supervisor and/or managerial employee of Marin County. For purposes of the cause of action under the Civil Rights Act, defendant Canziani is being sued in his individual capacity acting under color of law.

8.  At all relevant times herein, defendants Canziani and DOES 1 through 10 were supervisors, managers, and/or managing agents of the County of Marin, and as such was prohibited from harassing and retaliating against employees on the basis of making complaints regarding violations of the California Fair Employment and Housing Act and Title VII of the Civil Rights Act.

9.  This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. Section 2000e-5 and 28 U.S.C. Section 1331.

-2-

10. This Court has venue over this action pursuant to 42 U.S.C. Section 2000e-5 in that defendant Marin County employed plaintiff within the territorial boundaries of this judicial district.

11. This Court has jurisdiction over defendant in that it us a government agency that, at all relevant times herein, employed plaintiff and operated under color of state authority within this judicial district.

12. This Court has jurisdiction over plaintiff's California state law causes of action in that the state claims are derived from the same common nucleus of operative facts as the federal causes of action.

13. Plaintiff has exhausted all administrative remedies with the Department of Fair Employment and Housing ("DFEH") and/or the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff Geib filed a timely administrative charge with the EEOC and DFEH, and has filed this action within 90 days of service of the EEOC right-to-sue letter, and within one year of the DFEH right-to-sue letter.

14. Plaintiff is informed and believe, and thereby allege that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendant, and were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendant, and each of them. Furthermore, plaintiff is informed and believes that defendant were, at all relevant times, one integrated enterprise and/or employer for purposes of FEHA and Title VII.

**MARIN COUNTY'S PATTERN AND PRACTICE OF DISCRIMINATION**

15. Defendant Marin County is largest employer within the County of Marin. It employs over 2000 government employees with various offices throughout its territorial boundaries. Its principal place of operations is the Marin County Civic Center which employs the vast majority of defendant's workforce. Marin County has uniform employment and personnel policies throughout its operations in the County, including orientation, salary, assignment, pay,

training, and promotion. The various divisions and/or departments within Marin County are centralized with one common Human Resources office and direct oversight by the Board of Supervisors. However, within the departments and/or divisions, there are few objective requirements for promotion and advancement of female employees. Instead, the advancement, promotion, level of pay, and opportunities are dependent upon the subjective standards set by the predominantly male upper management employees.

16. Defendant Marin County's workforce consists of two classes: female and male. The largest workforce is female; constituting over 54 percent of the employees. However, the female workforce is assigned to the lowest paid positions with the least chance of advancement or promotional opportunity. The female employees constitute less than 30 percent of defendant's upper management, but represent over 84 percent of Marin County's lower paying and historically female "office" or "clerical" job categories. The other workforce is male. The male workforce is the reverse image of the female workforce. The male employees constitute over 70 percent of upper management or supervisory positions, but less than 20 percent of the office, clerical, or para-professional workers. This disparate treatment of the genders is the result of intentional discrimination, and policies and practices that have an adverse impact on female employees.

17. Throughout plaintiff's employment with defendant and continuing up until the date that plaintiff filed this legal action, defendant have engaged and continue to engage in a pattern and practice of discrimination, retaliation, and harassment against plaintiff and other similarly situated female employees based upon their sex and gender. The acts of discrimination, retaliation, and harassment were consistent and pervasive. The discrimination and harassment targeted plaintiff's promotional opportunities within the County of Marin with the ultimate goal of preventing female employees from obtaining high level supervisory positions, and further created a hostile work environment. The conduct included but was not limited to (1) inappropriate and unwelcome gender comments and slurs, (2) inappropriate discriminatory jokes that were both unwelcome and offensive, (3) harassing and retaliating behavior directed against plaintiff for

making complaints of unlawful discrimination in the workplace, (4) targeting plaintiff and other similarly situated female employees with adverse employment actions based upon gender and sex, (5) treating plaintiff and other female employees differently than similarly situated employees based upon her sex and gender, (6) creating a workplace that is permeated in an unwelcome and hostile work environment towards females, and (7) failing to conduct fair and impartial investigations into complaints of gender discrimination or harassment.

18.   Moreover, during plaintiff's employment and continuing up until the date of filing this action, defendant have instituted a pattern and practice of discrimination against plaintiff and other qualified female candidates that have prevented them from reaching upper-level management positions within Marin County. This practice of discrimination has had the disparate impact of creating a "glass ceiling" for female employees. This discriminatory behavior that has been designed to prevent plaintiff and other females from reaching promotions and other supervisory positions at Marin County, and such conduct and practice included but was not limited to: (1) treating males differently in the workplace; (2) providing different levels of discipline for males as opposed to females; (3) assigning vague and inconsistent jobs to plaintiff and other females with the goal of failure; (4) unequal assignments, pay, training, and advancement opportunities; (5) deterrence and discouragement of female employees from seeking advancement within Marin County; (6) making improper and stereotypical remarks on female employees' evaluations, including comments that female employees are not suitable for upper management because they are "emotional," "difficult," "confrontational," "vocal," and "divisive"; (7) pre-selecting and "grooming" male employees for promotions and advancements; (8) maintenance of largely sex-segregated job categories and departments; (9) paying female employees lower compensation that similarly situated males; (10) engaging in conduct that created a "boys club" mentality; (11) using arbitrary and subjective criteria in making assignments, training, performance review, and promotional decisions, and, when objective requirements exist, they are ignored or applied inconsistently by management, (12) failing to consistently and adequately post job and promotional openings, (13) assigning females to lower

paying and largely "clerical" jobs with less advancement opportunity, (14) providing less support for female employees, (15) harassing (and condoning harassment of) female employees in the workplace who demonstrate an interest and desire in advancement and promotional opportunities, and (15) retaliating against female employees that make internal and external complaints regarding its unequal treatment of female employees, including failing to adequately investigate and taking adverse employment actions against female employees on the grounds on sex and gender.

19. Furthermore, defendant's common practices and procedures have a disparate impact on the advancement and promotion of female employees to the upper management ranks, and the practices are not justified by any business necessity.

## FACTUAL BACKGROUND

20. At all relevant times herein, plaintiff Geib was a female employee, and, as such, was a member of a protected category for purposes of FEHA and Title VII.

21. On or about May 2004, defendant Marin County hired plaintiff as a Sheriff Service Assistant ("SSA") within the Marin County Sheriff's Department located within the County of Marin. At the time that plaintiff Geib began her employment with Marin County, she was qualified to assume that position. During the period of time that she was employed as a SSA, plaintiff performed her job duties in an outstanding fashion. She was provided with consistent praise regarding her skills and abilities and received regular merit increases. As a result of her superior performance, plaintiff was initially provided with excellent evaluations.

22. Plaintiff's ultimate goal in working for Marin County was to obtain a promotional position to Deputy Sheriff so that she could pursue her career as a law enforcement officer.

23. In or about October 2005, plaintiff applied for the position of Deputy Sheriff trainee with Marin County. Plaintiff was qualified for the position, and was the best candidate for the job.

24. The selection process for promotion to the position of Deputy Sheriff is handled through the Professional Standards Section of the Sheriff's Department. At the time that plaintiff sought the promotion to Deputy Sheriff, the "Professional Standards Sergeant" was defendant Canziani.

25. After plaintiff applied for the position of Deputy Sheriff, defendant Canziani engaged in consistent and pervasive acts of sexual harassment towards plaintiff, including but not limited to (1) sexual comments and remarks; (2) inappropriate and sexual touching of plaintiff's body; and (3) other acts of harassment that were targeted toward plaintiff based upon her sex and gender. Defendant's acts were unwelcome and created a hostile work environment.

26. Marin County knew that defendant Canziani had a history of making inappropriate comments and engaging in sexual harassment in the workplace, but failed to take any reasonable measures to prevent the conduct from continuing. In particular, other female employees had made complaints of sexual harassment concerning Canziani, but defendants failed to investigate and/or take reasonable measures to stop the behavior.

27. In December 2005, defendant Canziani approached plaintiff and propositioned her for sexual acts. Plaintiff refused, and, the next morning, made a complaint to Marin County. Defendants failed to immediate investigate plaintiff's complaint, and, instead, simply advised plaintiff to "stay away" from Canziani.

28. When defendant Canziani became aware that plaintiff had made a complaint for sexual harassment against him, he was furious, and immediately took measures within the "Professional Standards" section to stop plaintiff's promotion to Deputy Sheriff.

29. In or about January 2006, as a direct result of plaintiff's complaint, defendants retaliated against plaintiff, and denied her application for promotion to Deputy Sheriff for pretexual reasons. Plaintiff then filed an administrative complaint with the DFEH.

30. From early-2006, and continuing to the present, plaintiff was subjected to continuous violations of discrimination, retaliation, harassment, and unequal treatment in the workplace. Plaintiff's employment was specifically targeted as a result of her vocal desire to

reach the position of Deputy Sheriff, and her refusal to accept the untrue and/or pretexual reasons for the denial of her promotion. Once plaintiff made it known that she wanted opportunities to advance, defendants engaged in a pattern of discriminatory conduct, including demeaning plaintiff with gender-based discriminatory comments at meetings, subjectively challenging plaintiff's supervisory authority without any legitimate basis, verbally abusing plaintiff in front of other supervisors and subordinates, and taking all measures to prevent plaintiff from achieving advancement within the management ranks.

31. Moreover, defendants failed to adequately and properly investigate plaintiff's complaints, and, instead, defendants engaged in a course of conduct to retaliate against plaintiff with the ultimate goal of making her work conditions so intolerable that she would quit. The retaliatory conduct included, but was not limited to: (1) providing negative performance evaluations, (2) unilaterally reducing plaintiff's job duties, (3) placing plaintiff on a frivolous "Performance Improvement Plan", (4) excluding plaintiff from meetings, (5) making inappropriate and discriminatory comments about plaintiff to other managers and employees, (6) fabricating incidents with other employees in an attempt to portrait plaintiff as an incompetent employee, (7) providing untrue or false evaluations of plaintiff's performance in an attempt to prevent plaintiff from obtaining promotion or advancement, (8) creating a hostile work environment, (9) invading plaintiff's privacy rights, (10) telling plaintiff that she was too "stupid" to be a Deputy Sheriff; and (11) engaging in other adverse employment actions.

32. Furthermore, despite plaintiff's complaints, Marin County assigned Canziani to supervise plaintiff.

33. Additionally, from mid-2006 to the present, plaintiff has continued to request that Marin County conduct a reasonable investigation into plaintiff's concerns, and take all reasonable measures to stop the discrimination, retaliation, and harassment. However, instead of addressing these concerns and complying with the equal employment opportunity laws, Marin County ignored plaintiff's requests, and, instead, has continued to engage in consistent and pervasive adverse employment actions in an attempt to force plaintiff out of her job. As a result, plaintiff

-8-

GEIB V. COUNTY OF MARIN, ET. AL.
COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF

was required to seek medical intervention, and is unable to reasonably or realistically seek any further promotion or advancement opportunities within the County of Marin; thus hitting its "glass ceiling."

## FIRST CAUSE OF ACTION

(Gender/Sex Harassment – All Defendants)

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibit an employer and any person from harassing any employee on the basis of sex or gender.

36. Defendant violated California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiff and other similarly situated female employees when they engaged in a pattern and practice of harassment in the workplace based upon sex and gender that was inappropriate, unwelcome, offensive, and created a hostile work environment.

37. As a direct and proximate result of defendants' discriminatory acts, plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

38. Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to her damage in an amount according to proof.

39. As to defendants Canziani and DOES 1 through 10, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and

distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only.

## SECOND CAUSE OF ACTION

(Sex/Gender Discrimination – Marin County only)

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer to take any adverse employment action or otherwise discriminate against any person on the basis of sex or gender.

42. Defendant violated California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. with regard to plaintiff when they wrongfully disciplined, failed to promote, discriminated, and took other adverse employment actions against plaintiff and other similarly situated female employees in the terms, conditions, or privileges of employment on the basis that plaintiff were female workers.

43. Defendant's conduct towards plaintiff and other similarly situated female employees, as alleged above, constitutes an unlawful employment practice in violation of California Government Code §12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

44. As a direct and proximate result of defendant's discriminatory acts, plaintiff has suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

45. Defendant's actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

benefits, costs of suit, embarrassment and anguish, all to her damage in an amount according to proof.

### THIRD CAUSE OF ACTION

(Violations of the California Constitution – Marin County only)

46. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. The California Constitution, Article I, Section 7, provides that a public entity may not deprive a person of a property or liberty interest without due process of law.

48. In acting herein, Marin County violated plaintiff's property and liberty due process rights in failing to provide plaintiff with adequate procedural and substantive due process prior to engaging in adverse employment actions against plaintiff and denying her promotional opportunities. Defendants further violated the California Constitution by invading plaintiff's rights of privacy.

49. As a result of defendant's actions, plaintiff seeks equitable and injunctive relief, including but not limited to reinstatement and back-pay.

### FOURTH CAUSE OF ACTION

(Retaliation – All Defendants)

50. Plaintiff incorporates herein by reference all the allegations contained in paragraphs 1 through 49 of this complaint as fully set forth herein.

51. California Government Code § 12940(h) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing an unlawful employment practice, filing a complaint of discrimination or harassment, or participating in any investigation or proceeding involving a claim of discriminatory treatment.

52. Defendant violated Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiff and other similarly

-11-

GEIB v. COUNTY OF MARIN, ET. AL.
COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF

situated employees when they retaliated against plaintiff in the terms and conditions of employment, took adverse employment actions against plaintiff for reporting and lodging complaints of discriminatory treatment in the workplace, participating in investigations or proceedings involving claims of discrimination, and requesting that defendants take immediate remedial measures and conduct fair and impartial investigations into discriminatory conduct on the part of supervisors and managers.

53. Defendants' conduct toward plaintiff and other similarly situated female employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

54. As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

55. Defendants' actions have caused and continue to cause plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

56. As to defendants Canziani and DOES 1 through 10, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only.

## FIFTH CAUSE OF ACTION

(Failure to Prevent Harassment and Discrimination – Marin County only)

57. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 56 of this complaint as fully set forth herein.

58. California Government Code § 12940(k) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring in the workplace.

59. Defendant violated Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiff and other similarly situated female employees when defendant knowingly and recklessly created a hostile work environment for female employees, created a "glass ceiling" for female employees, engaged in a pattern and practice of discrimination against female employees, failed to conduct reasonable and impartial investigations when plaintiff and other employees complained about discriminatory conduct on the part of management, failed to adequately train supervisory employees regarding their obligations under the sexual harassment laws, and failed to take reasonable steps necessary to investigate the misconduct and prevent it from occurring and continuing.

60. Defendant's conduct toward plaintiff and other similarly situated employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

61. As a direct and proximate result of defendant's conduct, plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

62. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and

-13-

benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

### SIXTH CAUSE OF ACTION

(Violations of Civil Rights Laws – All Defendants)

63. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 62 of this Complaint as fully set forth herein.

64. Defendant actions and failures as alleged above constitute a pattern and practice of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983, 1985. Defendants while acting under color of state authority and law wrongfully and intentionally discriminated against, retaliated against, and harassed plaintiff and other similarly situated employees because of sex and gender and because they opposed practices forbidden under the anti-discrimination laws and equal protection laws of the United States. Defendants' conduct, as set forth above, constitutes violations, under color of law, of plaintiff's rights, privileges, and immunities guaranteed to them by the First Amendment of the United States Constitution rights of free speech and to petition the government for redress of grievances, the equal protection clause of the United States Constitution, and the due process clauses of the Fourteenth Amendment of the United States Constitution.

65. Defendants further violated state law and the regulations or rules promulgated by Marin County by invading plaintiff's right to privacy.

66. Marin County also had a pattern and practice of failing to train its supervisory employees in their responsibilities and obligations under the sexual harassment laws.

67. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

68. As to defendants Canziani and DOES 1 through 10, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiff and with the intent to injure plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only.

### PRAYER FOR RELIEF

Wherefore, plaintiff prays for judgment against Defendant, and each of them as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For prejudgment interest in an amount according to proof;
4. For equitable and/or injunctive relief according to proof;
5. For reasonable attorney's fees and cost of suit therein;
6. For such other and further relief as the court may deem proper.
7. <u>Plaintiff's hereby demand a trial by jury.</u>

Dated: January 17, 2008            KAHN BROWN & POORE LLP

By: _____
David M. Poore
Attorneys for Plaintiff