1  PATRICK K. FAULKNER, COUNTY COUNSEL
   Stephen Raab, SBN 180939
2  3501 Civic Center Drive, Room 275
   San Rafael, CA 94903
3  Tel.: (415) 499-6117, Fax: (415) 499-3796

4
   Attorney(s) for the County of Marin and Ken Canziani,
5

6

7                    UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 | PATRICIA GEIB,                              | Case No.: USDC 07 2211 JL
11 |        Plaintiff,                           | ANSWER TO COMPLAINT FROM
                                                   DEFENDANTS COUNTY OF MARIN AND
12 |        v.                                   | KEN CANZIANI
13 | COUNTY OF MARIN; MARIN COUNTY
14 | SHERIFF'S DEPARTMENT; KEN CANZIANI,
15 | and DOES 1 through 50,
16 |        Defendants.

17

18

19     **COME NOW** Defendants, COUNTY OF MARIN and KEN CANZIANI (hereinafter

20 "Defendant") in answer to Plaintiff's Complaint, deny, admit, aver and allege as follows:

21 1.    As to Paragraph 1, the answering Defendant admits Plaintiff was and is an employee of the County

22 of Marin.  Defendant lacks sufficient information and belief to enable it to answer where Plaintiff resides.

23 2.    As to Paragraph 2, the answering Defendant County of Marin dmits it is an employer operating as a

24 public entity within California which regularly employs more than 15 persons.  The answering Defendant

25 County of Marin denies its departments, units, and political subdivisions are employers, or are defendants in

26 this lawsuit.

27 3.    The answering Defendant admits the allegations contained in Paragraph 3.

28

4. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 4.

5. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 5.

6. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 6.

7. Defendant admits that Canziani is an employee of the County of Marin and is a resident of California. Defendant denies all other allegations contained in Paragraph 7.

8. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 8.

9. Defendant admits that United States law speaks for itself, as set forth in Paragraph 9.

10. Defendant admits that United States law speaks for itself, as set forth in Paragraph 10.

11. Defendant admits that United States law speaks for itself, as set forth in Paragraph 11.

12. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 12.

13. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 13.

14. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 14.

15. The answering Defendant lacks sufficient information and belief to be able to admit or deny the first two sentences of Paragraph 15, and on that basis denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 15. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in all other sentences of Paragraph 15.

16. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 16.

17. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 17.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

18. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 18.

19. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 19.

20. The answering Defendant admits the allegations contained in Paragraph 20.

21. The answering Defendant admits the first two sentences of Paragraph 21. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in all other sentences of Paragraph 21.

22. The answering Defendant lacks sufficient information and belief to be able to admit or deny the allegations of Paragraph 22, and on that basis denies each and every, all and singular, generally and specifically, all other allegations contained in Paragraph 22.

23. The answering Defendant admits the first sentence of Paragraph 23. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in all other sentences of Paragraph 23.

24. The answering Defendant denies the first sentence of Paragraph 24. The answering Defendant admits that Canziani was the Professional Standards Sergeant during the relevant time.

25. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 25.

26. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 26.

27. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 27.

28. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 28.

29. The answering Defendant admits that plaintiff filed an administrative complaint with the DFEH. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in all other sentences of Paragraph 29.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

30. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 30.

31. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 31.

32. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 32.

33. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 33.

34. Defendant admits that California state law and United States law speak for themselves, as set forth in Paragraph 35.

35. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 36.

36. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 37.

37. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 38.

38. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 39.

39. Defendant admits that California state law and United States law speak for themselves, as set forth in Paragraph 41.

40. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 42.

41. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 43.

42. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 44.

43. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 45.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1  44.    Defendant admits that California law speaks for itself, as set forth in Paragraph 47.

2  45.    The answering Defendant denies each and every, all and singular, generally and specifically, the
3  allegations contained in Paragraph 48.

4  46.    Defendant admits that California state law and United States law speak for themselves, as set forth
5  in Paragraph 51.

6  47.    The answering Defendant denies each and every, all and singular, generally and specifically, the
7  allegations contained in Paragraph 52.

8  48.    The answering Defendant denies each and every, all and singular, generally and specifically, the
9  allegations contained in Paragraph 53.

10 49.    The answering Defendant denies each and every, all and singular, generally and specifically, the
11 allegations contained in Paragraph 54.

12 50.    The answering Defendant denies each and every, all and singular, generally and specifically, the
13 allegations contained in Paragraph 55.

14 51.    The answering Defendant denies each and every, all and singular, generally and specifically, the
15 allegations contained in Paragraph 56.

16 52.    Defendant admits that California state law and United States law speak for themselves, as set forth
17 in Paragraph 58.

18 53.    The answering Defendant denies each and every, all and singular, generally and specifically, the
19 allegations contained in Paragraph 59

20 54.    The answering Defendant denies each and every, all and singular, generally and specifically, the
21 allegations contained in Paragraph 60.

22 55.    The answering Defendant denies each and every, all and singular, generally and specifically, the
23 allegations contained in Paragraph 61.

24 56.    The answering Defendant denies each and every, all and singular, generally and specifically, the
25 allegations contained in Paragraph 62.

26 57.    The answering Defendant denies each and every, all and singular, generally and specifically, the
27 allegations contained in Paragraph 64.

28

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

58. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 65.

59. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 66.

60. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 67.

61. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 68.

**AFFIRMATIVE DEFENSES**

**1. AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff's causes of action fail to state facts sufficient to constitute a cause of action or any claim against the answering Defendant.

**2. AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff's causes of action are barred by the doctrines of waiver, issue preclusion, collateral estoppel and/or res judicata.

**3. AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff's causes of action are barred for failure to exhaust administrative remedies. Defendant alleges Plaintiff has failed to pursue and/or exhaust other administrative or legal remedies available against this Defendant.

**4. AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that any and all acts or omissions of the answering Defendant, or the agents or employees of the County of Marin, which allegedly caused the injuries or damages alleged in Plaintiff's complaint, were acts in the greatest of good faith and without malice, in accordance with good practice, and pursuant to the apparent authority granted to them by statutory and decisional law.

**5. AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that it and any agents and/or employees of the County of Marin are

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

not liable for any alleged damages by reason of the absolute immunity for acts taken in a legislative, prosecutorial and/or judicial capacity.

      **6.** **AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that it is entitled to an absolute or qualified immunity to the extent that the conduct of Defendant, alleged by plaintiff, is mandated, authorized and/or directed by law, regulations, statutes, ordinances or acts of the County of Marin, the State of California or the United Stated of America.

      **7.** **AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff has failed to mitigate any damages he allegedly suffered.

      **8.** **AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff, by his action and/or inaction, has waived Plaintiff's rights to litigate the claims alleged in the complaint.

      **9.** **AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, the answering Defendant alleges that Plaintiff's complaint is preempted by the state workers' compensation laws.

      **10.** **AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that that its immune from liability for any actions that transpired at the time and place of the events complained of by reason of the statutory immunities contained in California Government Code, Title I, Division 3.6, Part 2, Sections 810, et seq., including but not limited to Sections 815, 815.2(b), 815.6, 818, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821.6, and 822.2.

      **11.** **AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that its act were at all times proper and motivated only by legitimate and legally permissible business reasons and according to all local, state and federal rules, and the terms of the applicable collective bargaining agreement.

      **12.** **AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that any and all acts or omissions of the Defendant, or the agents or employees of the County of Marin, which allegedly caused the injuries or damages alleged

in Plaintiff's complaint, were the result of an exercise of discretion vested in them which is protected by the immunity of Government Code section 820.2.

13. **AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT,** and each cause of action thereof, this answering Defendant alleges that Defendant's actions, if any, were lawful employment practices that were necessary to its business.

14. **AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, the answering Defendant alleges that there was a legitimate and non-discriminatory and non-retaliatory reason for any employment actions taken by Defendant that Plaintiff may consider to be negative employment actions.

15. **AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant allege that any and all mandatory duties imposed upon these answering Defendants, the failure of which allegedly caused the Plaintiff's injuries, were exercised with reasonable diligence and, therefore, these Defendants are not liable to Plaintiff for the alleged injuries.

16. **AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff's claims are barred by applicable statutes of limitations, including, but not limited to, claims filing requirements, charge filing requirements, Marin County Bona Fide Merit System, applicable Collective Bargaining Agreements and applicable grievance procedures, and California Code of Civil Procedure.

17. **AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, this answering Defendant alleges that the alleged conduct was, in whole or in part, properly within the discretionary authority committed to Defendant to perform official functions, and that the relief and declaration prayed for would constitute an improper intrusion by the judiciary into said discretionary authority.

18. **AS AND FOR A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff's claims are barred to the extent that Plaintiff has not first exhausted the required administrative remedies by filing a timely charge with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

19.     **AS AND FOR A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Plaintiff's claims are barred to the extent they exceed the scope of the charge filed with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"), if Plaintiff has filed a proper charge.

20.     **AS AND FOR A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that Defendant's actions complained of by Plaintiff occurred pursuant to, were mandated by, were approved by, or dictated by the Marin County Bona Fide Merit System and/or the applicable Collective Bargaining Agreement which provided for the actions alleged.

21.     **AS AND FOR A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that neither its acts, nor the acts of the agents/employees of the County of Marin were a substantial or proximate cause of Plaintiff's alleged injuries.

22.     **AS AND FOR A TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that if it is found, contrary to Defendant's allegations herein, that Defendant engaged in any discriminatory or retaliatory employment practice as alleged in Plaintiff's complaint, such action on Defendant's part was not an unlawful employment practice because the practice has a manifest relationship to the employment in question and was essential to the safety and efficiency of the employer's business.

23.     **AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, this answering Defendant alleges that Plaintiff's complaint is barred by the doctrine of laches, unclean hands and/or the after-acquired evidence doctrine.

24.     **AS AND FOR A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, this answering Defendant alleges that at all time relevant hereto, an adequate remedy existed and exists at law, and therefore equitable relief should be denied.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

**25. AS AND FOR A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiff's complaint, Defendant alleges that it may be entitled to assert various privileges, immunities, and affirmative defenses a set forth in common law, statues and the constitutions of the United States, the State of California and the California State Government Code, the California Tort Claims Act and/or various other statutory, regulation, or case law.  The full nature and extent of such affirmative defenses as applicable thereto are presently unknown to this answering Defendant.  Therefore, answering Defendant prays leave of this Honorable Court to amend this answer to allege the applicable, immunities, privileges and defenses when ascertained.

**26. AS AND FOR A TWENTY-SIX, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT,** and each cause of action thereof, this answering Defendant alleges that Plaintiff was careless and negligent in and about the matters and things set forth and described therein; that said carelessness and negligence of Plaintiff proximately caused or contributed to the injuries and damages alleged by Plaintiff; that the injuries and damages sustained by Plaintiff, if any, were and are the proximate result of the said carelessness and negligence of Plaintiff; and that by reason thereof the Plaintiff's damages must be diminished or extinguished in proportion to the degree of fault attributable to the Plaintiff.

**27. AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT,** and each cause of action thereof, this answering Defendant alleges that any damages sustained by Plaintiff, as alleged in the Complaint, were caused by or contributed to by the intentional or negligent acts of persons or entities other than this answering Defendant, including the Plaintiff.  In the event that any fault of this answering Defendant is found to have contributed to any such damages, Plaintiff's recovery, if any, from this answering Defendant is limited to that percentage of Plaintiff's damages which is equal to the percentage by which this answering Defendant's negligence or fault contributed to Plaintiff's damages.

**WHEREFORE,** these Answering Defendants pray for relief as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. That Defendant be awarded costs of suit herein;

1    3.   That Defendant be awarded reasonable attorney's fees for defense of this action on the
2         grounds that the Plaintiff's action is frivolous and in bad faith;
3    4.   For such other and further relief as the Court may deem proper.

5  February 11, 2008

6                                          PATRICK K. FAULKNER
                                           COUNTY COUNSEL
7

8                                          By: _____
9                                              Stephen R. Raab
                                               Deputy County Counsel

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN