1  PATRICK K. FAULKNER, COUNTY COUNSEL
   Renee Giacomini Brewer, SBN 173012
2  3501 Civic Center Drive, Room 275
   San Rafael, CA 94903
3  Tel.: (415) 499-6117, Fax: (415) 499-3796

4  Attorney(s) for the County of Marin

5  David M. Poore, SBN 192541
   KAHN BROWN & POORE LLP
6  755 Baywood Drive, Suite 185
   Petaluma, CA  94954
7  Tel: (707) 763-7100; Fax: (707) 763-7180

8  Attorneys for Plaintiff Patricia Geib

9  Charles M. Louderback, SBN 99788
   Leila Narvid, SBN 229402
10 PAYNE & FEARS LLP
   One Embarcadero Center, Suite 2300
11 San Francisco, CA  94111
   Telephone: (415) 398-7860
12 Facsimile:  (415) 398-7863

13 Attorneys for Defendant Ken Canziani

14

15
                 UNITED STATES DISTRICT COURT
16
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
17

18
   PATRICIA GEIB,                          Case No.: USDC 08-0346 TEH
19
            Plaintiff,                     JOINT CASE MANAGEMENT
20                                         CONFERENCE STATEMENT AND
         v.                                PROPOSED ORDER
21
   COUNTY OF MARIN; MARIN COUNTY
22
   SHERIFF'S DEPARTMENT; KEN CANZIANI,
23
   and DOES 1 through 50,
24
            Defendants.
25

26

27
         The parties in the above-entitled action submit this Case Management Statement and
28
   Proposed Order and request the Court to adopt it as its further Case Management Order in this case.

   Jt. CMC and Proposed order
   28520

## DESCRIPTION OF THE CASE

**1.     A brief description of the events underlying the action:**

**A. Plaintiff's brief description:**

This case is an employment discrimination and civil rights action alleging that defendant County of Marin has engaged in a pattern and practice of discrimination against its female employees, including plaintiff Patricia Gieb, and preventing them from obtaining promotions and advancements in employment. The complaint further alleges that defendant County of Marin has a pattern and practice of retaliating against female employees that raise internal complaints of discrimination or unequal treatment in the workplace. The complaint alleges that following causes of action: (1) violations of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., including discrimination, retaliation, and sexual harassment; (2) failure to prevent discrimination and harassment in the workplace, including the failure to conduct fair, objective, and reasonable investigations into such complaints; and (3) violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983, 1985, and the California Constitution. Jurisdiction and venue are proper.

In May 2004, defendant Marin County hired plaintiff as a Sheriff Service Assistant ("SSA") within the Marin County Sheriff's Department located within the County of Marin ("County of Marin" or "Marin County"). At the time that plaintiff Gieb began her employment with Marin County, she was qualified to assume that position. During the period of time that she was employed as a SSA, plaintiff performed her job duties in an outstanding fashion. She was provided with consistent praise regarding her skills and abilities and received regular merit increases. As a result of her superior performance, plaintiff was initially provided with excellent evaluations. Plaintiff's ultimate goal in working for Marin County was to obtain a promotional position to Deputy Sheriff so that she could pursue her career as a law enforcement officer.

In or about October 2005, plaintiff applied for the position of Deputy Sheriff Trainee with Marin County. The evidence will show that plaintiff was qualified for the position, and was the best candidate for the job. The selection process for promotion to the position of Deputy Sheriff is handled through the

Professional Standards Section of the Sheriff's Department. At the time that plaintiff sought the promotion to Deputy Sheriff, the "Professional Standards Sergeant" was defendant Canziani.

After plaintiff applied for the position of Deputy Sheriff, defendant Canziani engaged in consistent and pervasive acts of sexual harassment towards plaintiff, including but not limited to (1) sexual comments and remarks; (2) inappropriate and sexual touching of plaintiff's body; and (3) other acts of harassment that were targeted toward plaintiff based upon her sex and gender. Defendant's acts were unwelcome and created a hostile work environment. Moreover, Marin County knew that defendant Canziani had a history of making inappropriate comments and engaging in sexual harassment in the workplace, but failed to take any reasonable measures to prevent the conduct from continuing. In particular, other female employees had made complaints of sexual harassment concerning Canziani, but defendants failed to investigate and/or take reasonable measures to stop the behavior.

In December 2005, at the Marin County Sheriff's Department's Christmas party, defendant Canziani approached plaintiff and propositioned her for sexual acts, including requests for group sex. Plaintiff refused, and, the next morning, made an internal complaint to defendant Marin County regarding defendant Canziani's behavior. Defendant failed to immediately investigate plaintiff's complaint, and, instead, simply advised plaintiff to "stay away" from Canziani. Shortly thereafter, when defendant Canziani became aware that plaintiff had made a complaint for sexual harassment against him, he was furious, and immediately took measures within the "Professional Standards" section to stop plaintiff's promotion to Deputy Sheriff.

In January 2006, defendants retaliated against plaintiff, and denied her application for promotion to Deputy Sheriff for pretexual reasons. Plaintiff then filed an administrative complaint with the DFEH. Immediately thereafter, plaintiff was subjected to continuous violations of discrimination, retaliation, harassment, and unequal treatment in the workplace. Plaintiff's employment was specifically targeted as a result of her vocal desire to reach the position of Deputy Sheriff, and her refusal to accept the untrue and/or pretexual reasons for the denial of her promotion. Once plaintiff made it known that she wanted opportunities to advance, defendants engaged in a pattern of discriminatory conduct, including demeaning plaintiff with gender-based discriminatory comments at meetings, subjectively challenging

plaintiff's supervisory authority without any legitimate basis, verbally abusing plaintiff in front of other supervisors and subordinates, and taking all measures to prevent plaintiff from achieving advancement within the management ranks.

Moreover, defendants failed to adequately and properly investigate plaintiff's complaints, and, instead, defendants engaged in a course of conduct to retaliate against plaintiff with the ultimate goal of making her work conditions so intolerable that she would quit The retaliatory conduct included, but was not limited to: (1) providing negative performance evaluations, (2) unilaterally reducing plaintiff's job duties, (3) placing plaintiff on a frivolous "Performance Improvement Plan", (4) excluding plaintiff from meetings, (5) making inappropriate and discriminatory comments about plaintiff to other managers and employees, (6) fabricating incidents with other employees in an attempt to portrait plaintiff as an incompetent employee, (7) providing untrue or false evaluations of plaintiff's performance in an attempt to prevent plaintiff from obtaining promotion or advancement, (8) creating a hostile work environment, (9) invading plaintiff's privacy rights, (10) telling plaintiff that she was too "stupid" to be a Deputy Sheriff; and (11) engaging in other adverse employment actions.

Furthermore, despite plaintiff's earlier complaints, Marin County remarkably assigned Canziani to supervise plaintiff which resulted in additional acts of retaliation, harassment, and unequal treatment in the workplace. Plaintiff continued to seek assistance from Marin County. However, instead of addressing these concerns and complying with the equal employment opportunity laws, Marin County ignored plaintiff's requests, and has continued to engage in consistent and pervasive adverse employment actions in an attempt to force plaintiff out of her job. As a result, plaintiff was required to seek medical intervention, and is unable to reasonably or realistically seek any further promotion or advancement opportunities within the County of Marin; thus hitting its "glass ceiling."

**B. Defendant Canziani brief description:**

Canziani adopts the County of Marin's description of events described below. Canziani denies that he had any involvement with the decision not to hire Geib as a deputy sheriff other than to simply concur with the recommendation made by Geib's background investigator. Canziani denies that he has ever made a sexual advance toward Geib. Canziani denies that he has ever engaged in any

discriminatory or harassing behavior of Geib. Defendant reserves the right to narrow or expand this description as the litigation progresses.

### C. Defendant County of Marin brief description:

Patricia Geib (hereinafter "Geib") was hired by the County of Marin on May 12, 2004. Specifically, Geib was hired as a Marin County Sheriff's Service Assistant and was assigned to the Jail Custody Division. During her one year evaluation on May 19, 2005, Geib met expectations for her job. It was recommended and approved that Geib receive her annual merit increase.

On August 15, 2005, Geib applied for a Deputy Sheriff position by submitting her application to the Marin County Human Resources Department. On January 20, 2006, Geib was disqualified for her application as a Deputy Sheriff as her background investigation clearly disclosed pre-employment behaviors that demonstrated her inability to meet all of the required POST job dimensions.

On January 27, 2006, Lt. Marc North and Deputy Andrew Smith met with Geib in person to tell her that she had been disqualified from further consideration for the deputy sheriff job because she had failed to meet each POST job dimensions required of a California peace officer.

Subsequently, On January 30, 2006, Geib made a complaint to Lt. Doug Pittman alleging that Sgt. Kenneth Canziani and Deputy Floyd, Canziani's live-in girlfriend, had allegedly harassed her almost two months earlier, on **December 9, 2005**, at a non-sponsored Sheriff's Office social event. It should be noted that this is not a County of Marin event, nor is it a Marin County Sheriff's Department event. The interesting timing of this revelation is extremely relevant to this complaint, in that when talking to Lt. Pittman, Geib told him her complaint was in no way related to her recent disqualification for the deputy sheriff position, and yet the complaint was lodged only three (3) days after Geib learned of that disqualification.

Based on Geib's allegations, on January 30, 2006, Captain Mike Ridgway, from the Marin County Sheriff's Department, assigned Lt. Rick Navarro to conduct a special investigation regarding Geib's allegations that Sgt. Canziani propositioned her to partake in a sexual act with Sgt. Canziani and Deputy Floyd on December 9, 2005, at the Sheraton Hotel in Petaluma, California, while at the Marin County Deputy Sheriffs Association Christmas Party. During this alleged incident, Sgt. Canziani was

having a dating relationship with Deputy Floyd and SSA Geib was having a dating relationship with Sgt. Hernandez. Lt. Navarro culminated his investigation on January 30, 2006.

Lt. Navarro was unable to find any corroboration for Geib's account of what occurred. The lack of corroboration coupled with the fact that Geib did not complain of the alleged sexual harassment until after she was denied the Deputy Sheriff position led Lt. Navarro that no misconduct occurred.

2. The principal factual issues which the parties' dispute:

**Plaintiffs:** From plaintiff's perspective, the following are the principal factual issues in dispute:

- Did defendants create a hostile work environment for plaintiff with acts of sexual harassment, including whether the acts were severe and pervasive;
- Did defendants engage plaintiff in quid pro quo sexual harassment;
- When did plaintiff first make internal complaints of sexual harassment in the workplace;
- Did defendants retaliate against plaintiff for making complaints of sexual harassment and discrimination, including denying plaintiff's request for promotion to Deputy Sheriff Trainee;
- Once plaintiff made internal complaints of discrimination and sexual harassment, did defendants reasonably investigate the complaint, and take all reasonable measures to prevent the conduct from continuing;
- Did defendants continue to retaliate, harass, and discriminate against plaintiff in the terms and conditions of employment when she continued to challenge Marin County's decision not to select her for the Deputy Sheriff Trainee position;
- Is there sufficient direct and circumstantial evidence to support a pattern and practice claim, including statistical evidence of gender discrimination;
- Did defendant County of Marin adequately train its supervisors and/or managers within the Sheriff's Department to address, handle, and investigate complaints of sexual harassment, discrimination, and retaliation;

- Did defendants violate plaintiffs' civil rights as protected under the United States and California Constitution, including her due process, equal protection, privacy, and free speech/petition for redress rights;

**Defendant County of Marin:** That there is any evidence that Geib was harassed or discriminated against by the Marin County Sheriff's Department. That there is any evidence that the Marin County Sheriff's Department did not have valid reasons with corroborating evidence to disqualify Geib from the Deputy Sheriff position.

**Defendant Canziani:** Canziani denies that he had any involvement with the decision not to hire Geib as a deputy sheriff other than to simply concur with the recommendation made by Geib's background investigator. Canziani denies that he has ever made a sexual advance toward Geib. Canziani denies that he has ever engaged in any discriminatory or harassing behavior of Geib.

3.      **The principal legal issues which the party's dispute:**

   a.   **Plaintiff disputes the following legal issues:** From plaintiff's perspective, the following are the principal factual issues in dispute:

- Did defendants engage in acts of sexual harassment towards plaintiff;
- Did defendants retaliate against plaintiff for making complaints of sexual harassment and discrimination in the workplace (it is undisputed that plaintiff made workplace complaints);
- Did defendants reasonably investigate the complaint, and take all reasonable measures to prevent the conduct from continuing in accordance with state and federal law;
- Did defendants continue to retaliate, harass, and discriminate against plaintiff in the terms and conditions of employment;
- Does County of Marin have a pattern and practice of discrimination and retaliation towards female employees that seek promotion and/or advancement;
- Did defendant County of Marin adequately train its supervisors and/or managers within the Sheriff's Department to address, handle, and investigate complaints of sexual harassment, discrimination, and retaliation;

- Did defendants violate plaintiffs' civil rights as protected under the United States and California Constitution;
- The impact of *Jones v. Lodge at Torrey Pines,* 42 Cal.4th 1150 (2008), on plaintiff's FEHA retaliation cause of action against defendant Canziani;
- The impact of *Garcetti* on plaintiff's First Amendment allegations;

b. **Defendant Canziani disputes the following legal issues:**

That Geib was sexually harassed by Canziani. That Canziani retaliated against Geib for filing a complaint of harassment and/or participating in any investigation or proceeding involving her claims in this lawsuit. That an individual can be held liable for retaliation under *Jones v. Lodge at Torrey Pines,* 42 Cal.4th 1150 (2008). Defendant reserves the right to narrow or expand this list as the litigation progresses.

c. **Defendant County of Marin disputes the following legal issues:**

That Geib was harassment or discriminated against by the Marin County Sheriff's Department. That Geib's disqualification from the Deputy Sheriff's position was for valid, justifiable reasons.

**4. The other factual issues which remain unresolved:**

None.

**5. The parties which have not been served and the reason**

None.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

## ALTERNATIVE DISPUTE RESOLUTIONS

**7.     The ADR process to which the parties jointly request referral:**

Early Neutral Evaluation.

## DISCLOSURES

**8. Plaintiff certifies he has made the following disclosures:**

The parties have exchanged disclosures.

9. **Defendant Canziani, Defendant County of Marin, and Plaintiff certify that they served the following disclosures:**

This Court has granted the parties an extension until May 7, 2008 to complete their Initial Disclosures.

10. **Plaintiff and Defendants agree to the following discovery plan:**

    1. 50 Interrogatories per party;

    2. 10 Depositions; Conferring on depositions of witnesses;

    3. Two-day deposition of Plaintiff; 4 hours took place on 6/30/08;

    4. Request for Production of Documents;

    5. Request for Admissions;

    6. Deposition Subpoenas;

    7. Expert Discovery

    8. Process of meeting and conferring ESI procedure.

Additionally, as in every sexual harassment case, the parties will need to address the limitations on discovery regarding inquiry into plaintiff's so-called "dating relationship" with Sgt. Hernandez, as referenced above by the County of Marin, or any other alleged acts of sexual behavior with third-parties. It is plaintiff's position that any such evidence is not subject to discovery. Fed. R. Evid. 412; *B.K.B. v. Maui Police Department*, 276 F.3d 1091 (9th Cir. 2002) [evidence of plaintiff's sexual behavior or practices not admissible]; *see also* Cal. Code Civ. Proc. Section 2017 [statutory protections against such discovery in a sexual harassment case].

The parties are in the process of meeting and conferring over the production and scope of electronically-stored information ("ESI"), and have instituted appropriate measures to prevent destruction of ESI in the ordinary course of business.

## TRIAL SCHEDULE

11. **The parties request a trial date as follows:**

Trial by jury in or about September, 2009

12. **The parties expect that the trial will last for the following number of days:**

5-7 days

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: 7/2/08

DAVID M. POORE
ATTORNEY FOR PLAINTIFF

Dated: 7/2/08

RENEE GIACOMINI BREWER
ATTORNEY FOR DEFENDANT
COUNTY OF MARIN

Dated: 7/2/08

CHARLES LOUDERBACK & LEILA NARVID
ATTORNEY FOR DEFENDANT
KEN CANZIANI

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

a. Referral of the parties to court or private ADR process;

b. Schedule a further Case Management Conference;

c. Schedule the time and content of supplemental disclosures;

d. Specially set motions:

e. Impose limitations on disclosure or discovery;

f. Set time for disclosure of identity, background and options of experts;

g. Set deadlines for completing fact and expert discovery;

Jt. CMC Statement
And Proposed Order
28494

10

     h.     Set time for parties to meet and confer regarding pretrial submissions;

     i.     Set deadline for hearing motions directed to the merits of the case;

     j.     Set deadline for submission of pretrial material;

     k.     Set date and time for pretrial conference;

     l.     Set a date and time for trial.

Dated:

_____
THELTON E. HENDERSON
NORTHERN DISTRICT COURT JUDGE

Jt. CMC Statement
And Proposed Order
28494